COBB, Chief Judge.
We grant the petition for certiorari and quash the trial court’s order which allowed respondent Carter Electric Company to reopen its case, even after it had moved for a voluntary dismissal. See Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla.1978); Sun First National Bank v. Green Crane & Concrete Services, Inc., 371 So.2d 492 (Fla. 4th DCA 1979), review denied, 383 So.2d 1195 (Fla.1980); Anderson v. Lovejoy, 354 So.2d 951 (Fla. 1st DCA), review denied, 366 So.2d 396 (Fla.1978).
It is undisputed that respondent failed to present evidence of damages in its cross-claim for indemnity against petitioner Bravo Electric Company, and asked for a voluntary dismissal in order to avoid an adverse ruling on petitioner’s motion for directed verdict. Respondent concedes that its announcement of dismissal was effective because it occurred “before submission of [its] non-jury case to the court for deci *1303 sion.”[1] Respondent contends, however, that the trial court was justified in reinstating its case because its failure to present evidence of damages was due to a miscom-munieation between the parties which led respondent to believe that the issue of damages would be decided at a later hearing. However, our supreme court made it clear in Randle-Eastern Ambulance Service v. Vasta, supra, that once a party announces a voluntary dismissal, the trial court loses jurisdiction over the cause and has no authority to reinstate it. As the supreme court indicated in that case, “It has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes.” 360 So.2d at 69.
CERTIORARI GRANTED; ORDER QUASHED.
ORFINGER and WINIFRED J. SHARP, JJ., concur.

. Florida Rule of Civil Procedure 1.420(a)(1) provides that a party may dismiss its action at any time "before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision." In Fears v. Lunsford, 314 So.2d 578 (Fla.1975), the Florida Supreme Court recognized the absolute right of voluntary dismissal granted under Florida Rule of Civil Procedure 1.420, even following entry of a directed verdict, so long as the jury has not retired. We agree with the respondent that the rule does not define a different procedural point in time for jury and non-jury trials.