593 So.2d 563 (1992)
METROPOLITAN DADE COUNTY, Appellant,
v.
Neal D. BRAUDE, Appellee.
No. 91-314.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Robert A. Ginsburg, County Atty., and Stephen A. Stieglitz, Asst. County Atty., for appellant.
Ward & Caggiano and Anthony J. Caggiano, Miami, for appellee.
Before FERGUSON, JORGENSON and GERSTEN, JJ.

ON MOTION FOR REHEARING GRANTED
JORGENSON, Judge.
The panel opinion is withdrawn and the following opinion is substituted in its place.
Dade County appeals from the denial of its motion for judgment in accordance with its motion for directed verdict. For the following reasons, we reverse.
Neal Braude sued the County and the Public Health Trust of Dade County for negligence. In its answer, the County raised the affirmative defense that Braude had not served notice upon the Department of Insurance and had thus failed to comply with the requirements of section 768.28(7), Florida Statutes (1989). At the close of plaintiff's case, the County again raised the issue by way of a motion for a directed verdict. Braude objected to the motion on the grounds that the County had waived the affirmative defense by failing to have the motion to dismiss heard before trial pursuant to Florida Rule of Civil Procedure 1.140(d). The trial court reserved ruling on the issue upon representations made by plaintiff's counsel that he would present evidence that service had been effected upon the Department of Insurance. At the close of all the evidence, the County renewed its motion for a directed verdict. The trial court denied the motion after counsel for plaintiff once again assured the court that service had been made and that proof of that service was forthcoming. The jury returned a verdict awarding damages to the plaintiff; the trial court entered judgment on the verdict. Dade County moved for judgment in accordance with its motion for directed verdict; the trial court denied that motion on the ground that the County had "failed to have the said defense heard and determined by the trial court pursuant to rule 1.140(d), Fla.R.Civ.P. prior to the trial of this cause."
Twenty-three days after the trial had concluded and thirteen days after the entry *564 of judgment, the plaintiff effected service upon the Department of Insurance.
The trial court erred in denying the County's motion for judgment in accordance with its motion for directed verdict. The County did not waive the defense of failure to serve the Department of Insurance. The County raised the affirmative defense in its answer. Although neither party made "application" to the court for a preliminary hearing prior to trial, there is no requirement under rule 1.140(d) that the viability of certain 1.140 defenses be reviewed by the court prior to trial.[1] Likewise, there is nothing in that rule which addresses the subject of waiver. Rather, waiver of 1.140 defenses is specifically addressed in rule 1.140(h) which provides that "a party waives all defenses and objections that he does not present either by motion ... or, if he has made no motion, in his responsive pleading." Here, the county properly raised the defense of lack of service in its answer. Therefore, in light of both the County's assertion of the defense and the plaintiff's failure to effect timely service upon the defendant, the trial court erred in denying the County's motion for a directed verdict. See Fla.R.Civ.P. 1.140(h). Compare Metropolitan Dade County v. Coats, 559 So.2d 71 (Fla. 3d DCA) (County waived right to advance defense of failure to serve process by neglecting to assert its defense by motion or answer), rev. denied, 569 So.2d 1279 (Fla. 1990).
Reversed and remanded with directions to grant the County's motion for judgment in accordance with its motion for a directed verdict.
NOTES
[1] Rule 1.140(d) provides that: "The defenses 1 to 7 in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment in subdivision (c) of this rule shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination shall be deferred until the trial" (emphasis added).