603 So.2d 713 (1992)
Edward J. BUONOPANE, M.D., Appellant,
v.
Donna RICCI and Thomas Ricci, her husband, Appellees.
No. 91-2468.
District Court of Appeal of Florida, Fourth District.
August 26, 1992.
Philip D. Parrish of Stephens Lynn & McNicholas, P.A., Miami, for appellant.
Roger Rodriguez of Chikovsky & Ben, Hollywood, for appellees.
ANSTEAD, Judge.
We reverse, and in doing so conclude that the trial court lacked jurisdiction to enforce an out-of-court settlement in 1991, where the underlying cause was settled and dismissed with prejudice in 1984.
This cause was initiated as a tort action by the appellees against appellant for medical negligence. Subsequently, in 1984, the parties settled the case, and stipulated to a dismissal with prejudice. Part of the settlement included the purchase of an annuity for the benefit of the appellees. In 1991, when the insurance company that issued the annuity encountered financial problems, it reduced the annuity payments to appellees by thirty percent. The appellees then filed a motion in the tort action to compel the appellant to make up the difference in the annuity payments. At a hearing, the trial court received evidence as to *714 the terms of the original settlement, and subsequently entered an order compelling appellant to make up any deficiency in the annuity payments.
Subject to limited exceptions, an order dismissing an action with prejudice divests the trial court of jurisdiction to preside over the parties and their dispute. Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla. 1986); Shampaine Indus., Inc. v. South Broward Hosp. Dist., 411 So.2d 364 (Fla. 4th DCA 1982). In Broadband Eng'g, Inc. v. Quality RF Serv., Inc., 450 So.2d 600 (Fla. 4th DCA 1984), we approved of a trial court's exercise of jurisdiction to enforce a written stipulation filed and approved, after review by the court, as the predicate for the court's entry of an order of dismissal.
Unlike the situation in Broadband, no detailed written stipulation was filed or reviewed by the court as the predicate for the 1984 dismissal of this action. Rather, the parties simply stipulated that they had settled the matter and that the court could dismiss the action with prejudice. No settlement agreement or other similar document was filed in court, or relied upon by the court in dismissing the action. Indeed, in the proceedings now being reviewed, the parties presented conflicting evidence of the terms of the settlement, particularly concerning the issue of which party would bear the risk of the insurance company default. The parties attempted to reconstruct the terms of the settlement by offering letters, a release, and other evidence. We hold that these circumstances are insufficient to invoke the continuing jurisdiction of the court after a dismissal with prejudice.
In essence, the parties settled a tort action by entering into a voluntary contractual arrangement. Like parties entering into other contracts, the parties here are free to assert their contractual rights in the event of a breach. However, since the parties did not choose to submit their agreement to the court to serve as a basis for a subsequent judgment or order, they have waived their right to have the tort action serve as a vehicle for enforcement of the agreement.
Although we may appear to some degree to be putting form over substance, we emphasize that we are not free to vest courts with jurisdiction out of the blue. There is a substantial difference between an action for damages for breach of contract, and a motion to compel compliance with a court-sanctioned judgment or order. The trial court possesses broad authority to fashion a variety of remedies in the latter situation, and its authority to do so must be clear. Here, we have determined that the parties, at their own choosing, have substituted a contract for a tort. Having done so, they are limited to contract remedies.
Accordingly, we reverse and remand for further proceedings consistent herewith.
GLICKSTEIN, C.J., and HOY, JOHN J., Associate Judge, concur.