636 So.2d 791 (1994)
EYE AND EAR SALES AND SERVICE CO., a Florida corporation, Appellant,
v.
Aileen LAMELA, Appellee.
No. 94-0089.
District Court of Appeal of Florida, Fourth District.
April 27, 1994.
Rehearing Withdrawn May 25, 1994.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, West Palm Beach, for appellant.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, West Palm Beach, and Paul Safran, Jr., P.A., Palm Beach, for appellee.
GUNTHER, Judge.
We reverse the trial court's order granting a motion to enforce a settlement agreement. The motion was made and the order to enforce was entered after the stipulated entry of the final order of dismissal with prejudice. Thus, the issue before this court is whether the trial court had jurisdiction to enforce the settlement agreement after the case had been dismissed with prejudice.
After the settlement agreement in dispute was filed in the trial court, counsel stipulated to the entry of a final order of dismissal with prejudice. The final order of dismissal did not reserve jurisdiction to enforce the settlement *792 or to take any further action. Although the final order referred to and attached the stipulation, the stipulation did not attach or expressly incorporate the settlement agreement. In essence, the parties settled an action by entering into a voluntary contractual arrangement which the trial court did not expressly approve, refer to, or incorporate in its order of dismissal.
As this court stated in Buonopane v. Ricci, "subject to limited exceptions, an order dismissing an action with prejudice divests the trial court of jurisdiction to preside over the parties and their dispute." 603 So.2d 713, 714 (Fla. 4th DCA 1992). In Broadband Eng'g, Inc. v. Quality RF Serv., Inc., 450 So.2d 600 (Fla. 4th DCA 1984), we approved of a trial court's post judgment exercise of jurisdiction to enforce a written stipulation. The Broadband court reasoned that the trial court had reviewed the stipulation and then entered the order of dismissal which reflected that the court had reviewed the stipulation together with other documents in the court file and that the action was being "dismissed with prejudice based upon the facts so stipulated to between the parties herein." Unlike the situation in Broadband, in this appeal there is no record evidence that the trial court's order of dismissal was predicated upon the settlement agreement. Rather, this appeal is more similar to Buonopane where the parties simply stated that they had settled the matter and that the court could dismiss the action with prejudice. Unlike Buonopane however, the settlement agreement in this case was filed with the trial court. But as stated earlier, there is nothing in the record to indicate the trial court reviewed the settlement agreement or predicated its dismissal with prejudice upon the settlement agreement.
Since there is no record evidence that the settlement agreement served as a basis for the entry of the final order of dismissal with prejudice, the parties have waived their right to have this action serve as a vehicle for enforcement of the settlement agreement. Like parties entering into other contracts, the parties are free to assert their contractual rights in the event of a breach. Buonopane, 603 So.2d at 714.
Because we conclude the trial court lacked jurisdiction and thus, erred in granting the motion to enforce the settlement agreement, we reverse.
REVERSED AND REMANDED.
STONE and WARNER, JJ., concur.