STONE, Judge.
Century Elevator Co., Inc. appeals an order granting an insurance company’s motion to determine a worker’s compensation lien. The trial court concluded that it had subject matter jurisdiction notwithstanding a prior final order of the court, years earlier, dismissing this case upon the parties’ stipulation to a dismissal with prejudice. We disagree and reverse.
Initially, Myrna Spinos sued Century Elevator Company, Inc. for injuries she had received while at work. General Accident Insurance Company, the worker’s compensation carrier for Spinos’ employer, filed a notice of worker’s compensation lien in the case. The trial court appointed a mediator and the mediation resulted in a settlement which was reflected in an exchange of letters contained in the record of this post-dismissal litigation. The letters included provisions in the settlement relating to payment of General Accident’s lien. The parties executed a release of all claims, which was not executed by General Accident. Thereafter, the parties filed their stipulation for dismissal with prejudice and the trial court entered its final order of dismissal. Nearly two years later General Accident filed its motion to determine its worker’s compensation lien, acknowledging that Spinos had reimbursed it *452 for part of its lien, but contesting the amount and percentage to which it was entitled.
Under section 440.39, Florida Statutes, the worker’s compensation carrier is subrogated to the rights of the employee to the extent of benefits recovered from the tort-feasor. § 440.39(2), Fla.Stat. (1993). When the carrier files a notice, the notice constitutes a lien on the judgment or settlement recovery, to the extent the court determines the carrier’s pro rata share. § 440.39(3)(a), Fla.Stat. (1993). A tort-feasor who has notice of the carrier’s subrogation claim settles with the employee only at the tort-feasor’s own risk, unless the carrier is notified. Bituminous Cas. Corp. v. Florida Power & Light Co., 190 So.2d 426 (Fla. 4th DCA 1966), cert, denied, 200 So.2d 811 (Fla.1967).
On General Accident’s motion, the court found that Spinos’ net recovery amounted to 65.11% of the value of her claim, that General Accident therefore was authorized to reduce future medical benefits by 65.11% until General Accident recovered Spinos’ net recovery, that Century Elevator was required to reimburse Spinos for the 65.11% withheld by General Accident pursuant to the settlement agreement “which recites that the Defendant has agreed to discharge all Workers Compensation Liens,” all disputed facts. Century Elevator appealed. Ultimately, Century Elevator and General Accident stipulated to General Accident’s dismissal, and this court accordingly dismissed the appeal as to General Accident but not as to Spinos.
We reverse because the trial court lacked jurisdiction to review, modify, or enforce the settlement in this closed case. Buonopane v. Ricci, 603 So.2d 713 (Fla. 4th DCA 1992). The effect of a plaintiffs voluntary dismissal was “to terminate the litigation instantaneously,” “to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of ‘jurisdiction’.” Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68, 68-69 (Fla.1978). Accord Heston v. Vitale, 432 So.2d 744 (Fla. 4th DCA 1983); Piper Aircraft Corp. v. Prescott, 445 So.2d 591 (Fla. 1st DCA 1984); United Sens. Auto. Ass’n v. Johnson, 428 So.2d 334 (Fla. 2d DCA 1983). The entry of Plaintiffs dismissal even divests the court of jurisdiction to entertain a motion to reinstate the proceeding, subject to certain recognized exceptions. See Broadband Eng’g, Inc. v. Quality RF Serv s., Inc., 450 So.2d 600 (Fla. 4th DCA 1984). See also Shampaine Indus., Inc. v. South Broward Hosp. Dist, 411 So.2d 364, 367 (Fla. 4th DCA 1982) (relief afforded where dismissal was clerical mistake, not a “volitional dismissal”), approved Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla.1986).
An analogous ease is Wallace v. Townsell, 471 So .2d 662 (Fla. 5th DCA 1985). In Wallace, the court entered a final judgment in accordance with a settlement agreement. However, the court subsequently entered orders arising out of disputes concerning the agreement. The Fifth District noted that any breach of the settlement agreement could be the subject of a separate action, but that “[t]he judgment based on the parties’ settlement agreement did not vest the court with jurisdiction to permit the court to modify the terms” of the agreement, to order them to perform it, or to enforce it by contempt. Id. at 665. The court remanded for the cause to be dismissed without prejudice to either party’s seeking, by a separate action, to enforce, or assert a defense concerning, the agreement.
Spinos argues that a voluntary dismissal does not divest the trial court of jurisdiction to enforce its judgment, citing Broadband. But see Buonopane. In Broadband the trial court had entered an order based on the parties’ stipulation for dismissal. Thereafter, one of the parties filed a motion asking the court to enforce specified provisions of the stipulation. The trial court declined for lack of jurisdiction and this court reversed, recognizing a trial court’s inherent jurisdiction to enforce its judgment.
We perceive no conflict between our conclusion here and Broadband, as in this case there is no issue of enforcing a court order. In Buonopane, this court recognized that, “[sjubject to limited exceptions, an order dismissing an action with prejudice divests the trial court of jurisdiction to preside over the parties and their dispute.” 603 So.2d at 714. *453 We noted that no settlement agreement was filed with, or relied upon by, the court in dismissing the initial action; that the parties were presenting' conflicting evidence of the terms of the settlement; and that the parties had, in effect, substituted contractual rights under the settlement for their rights in the original tort action and that therefore, they “waived their right to have the tort action serve as a vehicle for enforcement of the agreement.” Id. See also Eye & Ear Sales & Serv. Co. v. Lamela, 636 So.2d 791 (Fla. 4th DCA 1994).
In the instant case, there is no record evidence that the trial court reviewed the parties’ settlement agreement, let alone based the dismissal upon it. We do not consider it significant that the agreement resulting in the dismissal was reached after a court ordered mediation, or even that the court may have been apprised of the settlement terms, although in fact there is no record evidence of such notice to the court.
There is also a notice issue raised on appeal, as to which we find no error. We reverse and remand for the trial court to dismiss for lack of jurisdiction.
POLEN, J., and DONNER, AMY STEELE, Associate Judge, concur.