734 So.2d 507 (1999)
MIAMI-DADE COUNTY, Appellant,
v.
Jacqueline Farquhar MEYERS, et al., Appellees.
No. 98-87.
District Court of Appeal of Florida, Third District.
May 19, 1999.
*508 Robert A. Ginsburg, Miami-Dade County Attorney, and Thomas A. Tucker Ronzetti and Scott D. Fabricius, Assistant County Attorneys, for appellant.
Robert J. Bryan; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel Perwin, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
The County appeals from a judgment entered pursuant to a jury verdict in a negligence action. For the following reasons, we reverse the order denying the County's Motion for Judgment Notwithstanding the Verdict and remand with directions for the trial court to enter final judgment in favor of the County.
Section 768.28(7) of the Florida Statutes provides that "[I]n actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also ... upon the Department of Insurance ...." (emphasis added). § 768.28(7), Fla. Stat. (1995). In this case, the plaintiff did not serve process upon the Department of Insurance. The County raised the lack of service of process as an affirmative defense; moved for a directed verdict; and moved for judgment notwithstanding the verdict. The defense was therefore properly raised and preserved for review.
Because the plaintiff did not serve process on the Department of Insurance, the County was immune from suit, and the trial court erred in denying the County's motion for a directed verdict. See Metropolitan Dade County v. Braude, 593 So.2d 563, 564 (Fla. 3d DCA 1992) (holding that where County asserted defense of lack of service upon the Department of Insurance, the trial court erred in denying the County's motion for a directed verdict). Because the lack of service of process is dispositive, we do not reach the other issues on appeal.
Reversed and remanded with directions to enter judgment for the County.