889 So.2d 146 (2004)
METROPOLITAN DADE COUNTY, Appellant/Cross-appellee,
v.
Carlos LOPEZ, Appellee/Cross-Appellant.
No. 3D03-278.
District Court of Appeal of Florida, Third District.
December 8, 2004.
*147 Robert Ginsburg, County Attorney and Jason Bloch, Assistant County Attorney for appellant/cross-appellee, Metropolitan Dade County.
Laurie Waldman Ross and Theresa L. Girten, for appellee/cross-appellant.
Before GERSTEN, FLETCHER, and WELLS, JJ.
WELLS, Judge.
Metropolitan Dade County appeals from an order granting a new trial in a negligence action. We reverse the order and remand with directions for the trial court to enter final judgment in favor of the County.
Carlos Lopez filed suit against the School Board[1] and the County alleging general negligence and negligent supervision.[2] The County asserted in its answer, as defense number seven:
Plaintiff has failed to comply with Florida Statute 768.28(7).
Additionally, as the trial court found, "[t]his was stated again in Defendants' answers to interrogatories." Lopez did not, however, act to comply with the claimed defense, nor did he argue that the defense was insufficiently particularized, and as such subject to being stricken with leave to replead. See Fla.R.Civ.P. 1.140(b); see also Calero v. Metropolitan Dade County, 787 So.2d 911, 914 (Fla. 3d DCA 2001). Rather, he proceeded to trial.
At the close of Lopez's case, the County unsuccessfully moved for a directed verdict,[3] arguing in part Lopez's lack of compliance with the notice and service of process requirements of section 768.28. When the jury returned its verdict, finding Lopez had sustained $200,000 in damages,[4] both defendants moved for a judgment notwithstanding the verdict on the grounds that Lopez had failed to serve the lawsuit on the Department of Insurance, as mandated by Section 768.28(7).[5] The trial *148 court concluded that it had no choice but to grant a JNOV.
While post-trial motions were pending, Lopez served the Department of Insurance. Lopez then moved for rehearing, arguing that he had now complied with the notice requirement of section 768.28(7) and that the County had waived this defense by its delay in making the dispositive motion. The trial court vacated the jury verdict, but ordered a new trial. This resolution cannot stand.
The County is a political subdivision and may be sued only pursuant to a waiver of sovereign immunity in accordance with the mandates of section 768.28.[6] Because section 768.28(7) is part of this immunity scheme, it must be strictly construed. See Levine v. Dade County Sch. Bd., 442 So.2d 210, 212 (Fla.1983). Thus in Miami-Dade County v. Meyers, 734 So.2d 507, 508 (Fla. 3d DCA 1999), we applied this provision to mandate a directed verdict where, as here, the plaintiff had failed to serve process on the Department of Insurance and where this failure was asserted as a defense and appropriately raised in motions for directed verdict and judgment notwithstanding verdict:
Because the plaintiff did not serve process on the Department of Insurance, the County was immune from suit, and the trial court erred in denying the County's motion for a directed verdict. See Metropolitan Dade County v. Braude, 593 So.2d 563, 564 (Fla. 3d DCA 1992) (holding that where County asserted defense of lack of service upon the Department of Insurance, the trial court erred in denying the County's motion for a directed verdict).
At the time the jury rendered its verdict in this case, Lopez still had not complied with section 768.28(7). Thus, as in Meyers and Braude, defendants were entitled to judgment at end of plaintiff's case, it having been pleaded affirmatively and proven that notice was not given. After the jury had returned a verdict, it was too late to turn back the clock.[7]
Accordingly, the order under review is reversed with this case remanded for entry of judgment in the County's favor.[8]
NOTES
[1] The School Board settled its case with the plaintiff and is no longer a party to this appeal.
[2] Lopez, a high school student, alleged that he was injured by inmates when he was left in a cell while on a school trip to a Dade County jail.
[3] This occurred during the second trial of this matter. The first trial ended in a mistrial after only a few hours.
[4] The jury's verdict apportioned liability as 70% to the County, 15% to the Board, and 15% to Lopez.
[5] Section 768.28(7), Florida Statutes (2003), provides:

In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Florida Space Authority, upon the Department of Financial Services; and the department or the agency concerned shall have 30 days within which to plead thereto.
[6] Section 768.28 provides in relevant part:

In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort ... may be prosecuted subject to the limitations specified in this act.
(Emphasis added).
[7] See Commerce & Industry Ins. Co. v. Wellenreiter, 475 So.2d 1302, 1303 n. 1 (Fla. 5th DCA 1985)("Florida Rule of Civil Procedure 1.420(a)(1) provides that a party may dismiss its action at any time `before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision.' In Fears v. Lunsford, 314 So.2d 578 (Fla.1975), the Florida Supreme Court recognized the absolute right of voluntary dismissal granted under Florida Rule of Civil Procedure 1.420, even following entry of a directed verdict, so long as the jury has not retired.")
[8] Following the above analysis, we likewise reject the claim on cross appeal that the jury's initial verdict should be reinstated.