STONE, J.
We quash the order of the trial court entered on Loy’s “Renewed Motion to Enforce and Plaintiffs Motion for Reconsideration.”
Six years ago, Chase Manhattan Mortgage Corporation (Chase) instituted a mortgage foreclosure against Loy and her former husband. In June 1999, Chase filed a motion to withdraw the note and mortgage, to voluntarily dismiss the action without prejudice, and to discharge the lis pendens. The Chase motion recited its receipt of a deed in lieu of foreclosure. The trial court, as requested, entered an order dismissing the foreclosure and ordering return of the note and mortgage to Chase. There is no indication that the order was conditional or that it was anything other than, as appears on its face, a simple voluntary dismissal by Chase that was accomplished by motion and order, rather than by Chase simply filing a notice of voluntary dismissal in order to secure the note and mortgage and discharge the lis pendens.
Subsequently, a homeowner’s association foreclosed on a lien for unpaid assessments and the property was purportedly purchased at a foreclosure sale by a third party, after which Chase initiated a new foreclosure proceeding joining the third parties. That separate litigation remains pending.
Loy then moved in this, the original foreclosure, to enforce the initial settlement upon which Chase’s voluntary dismissal was purportedly predicated. The trial court conducted an evidentiary hearing on the motion to enforce settlement, over Chase’s objection that the trial court lacked subject matter jurisdiction. The court entered an order denying relief to all *915 parties, but made certain findings that Chase contends will prejudice its case in the pending foreclosure action.
We conclude that the trial court lost jurisdiction following the initial dismissal regardless of whatever arrangements culminated in the deed in lieu of foreclosure. Any purported agreement was not approved or incorporated in the dismissal order, and there is no reservation language in the record supporting retention of jurisdiction. Therefore, if Loy has any cause of action against Chase, it can only be resolved by an independent suit, as the trial court lacks continuing jurisdiction over this case. See, e.g., Paulucci v. Gen. Dynamics Corp., 842 So.2d 797 (Fla.2003); MCR Funding v. CMG Funding Corp., 771 So.2d 32 (Fla. 4th DCA 2000); Eye & Ear Sales & Serv. Co. v. Lamela, 636 So.2d 791 (Fla. 4th DCA 1994). We do not construe the simple recitation of the deed in lieu of foreclosure, noted in Chase’s motion, as meeting the test for retaining jurisdiction. We also note that this is not a proceeding pursuant to rule 1.540, Florida Rules of Civil Procedure.
We remand for entry of an order in accordance with this opinion.
FARMER and MAY, JJ., concur.