957 So.2d 52 (2007)
Berkley WILLIAMS, Appellant,
v.
MIAMI-DADE COUNTY, Appellee.
No. 3D05-1545.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Berkley Williams, in proper person.
Murray A. Greenberg, County Attorney, and Jorge Martinez-Esteve, Assistant County Attorney, for appellee.
Before FLETCHER, SHEPHERD, and CORTIÑAS, JJ.
FLETCHER, Judge.
Berkley Williams has appealed an order granting a directed verdict pursuant to section 768.28, Florida Statutes (2003), in favor of Miami-Dade County, as well as an order denying his motion to vacate the directed verdict. Miami-Dade County has cross-appealed the trial court's partial denial of its motion pursuant to section 768.79, Florida Statutes (2005), for costs and attorney's fees (attorney's fees having been denied and costs granted).
We affirm the order granting the directed verdict as Williams did not prove compliance with section 768.28, which requires plaintiffs in negligence suits against the state, its agencies, and subdivisions to follow strict procedures in order to take advantage of the State's waiver of sovereign immunity for tort liability. Specifically, Williams failed to prove compliance with the process service requirements of section 768.28(7). This is fatal to his action. Metropolitan *53 Dade County v. Lopez, 889 So.2d 146 (Fla. 3d DCA 2004).
As to the County's cross-appeal we reverse that portion of the order which denied an attorney's fee award to the County notwithstanding that the County fully complied with the requirements of section 768.79, for an award of attorney's fees. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995)("[W]e conclude that the legislature has created a mandatory right to attorney's fees, if the statutory prerequisites [of section 768.79] have been met."); Jordan v. Food Lion, Inc., 670 So.2d 138, 140 (Fla. 1st DCA 1996)("The statute [section 768.79] creates a mandatory right to attorney's fees when the statutory prerequisites have been fulfilled.").
As in Morejon v. Metropolitan Dade County, 710 So.2d 233 (Fla. 3d DCA 1998) "[w]e find no cognizable basis for the denial of the defendant's motion for attorney's fees and costs under section 768.79." Thus the order on cross-appeal is reversed.[1] The cause is remanded solely to determine the recoverable amounts.
NOTES
[1] With the exception of course of that portion of the order awarding costs to the County which we affirm.