WELLS, Judge.
The Public Health Trust of Miami-Dade County, Jackson Memorial Hospital’s governing body, appeals from a final judgment finding that the hospital was liable for the death of premature infant, Ryan Rodriguez, and from an order denying the hospital’s motions for a mistrial, directed verdict, judgment notwithstanding verdict, and new trial. On the following brief analysis, we affirm.
Odette Acanda, Ryan’s mother, was seven months pregnant when her doctor sent her to Jackson, concerned that her amniotic fluid levels were low. Acanda delivered Ryan nearly two months early. Five days after his birth, Ryan died of an infection. Acanda, as personal representative of Ryan’s estate, sought damages from the hospital claiming medical negligence and the case proceeded to a jury trial. After the testimony of Ryan’s father, Plaintiffs counsel stated: “Your Honor, we are going to rest now and start with some procedural matters that we want to take up with the Court.” The court told the jury that “the plaintiff is getting dose to resting or has rested.” The attorneys then went sidebar:
Mr. Gressman [hospital counsel]: Have they officially rested?
Ms. Tejedor [Plaintiffs counsel]: No, No.
The Court: That was the oddest resting I’ve ever seen.
Ms. Tejedor [Plaintiffs counsel]: We need to introduce a few records and stuff.
Mr. Diez-Arguelles [Plaintiffs counsel]: We need to make sure we have the proper stipulations that we think we have before we rest.
After a brief discussion about other matters, the court excused the jury. The parties made certain stipulations and the court announced it would reserve ruling until the morning on an issue concerning mortality tables. It was then that the Trust moved for a directed verdict. The Trust argued, among other grounds, that the Plaintiff “failed to serve process in conformity with Section 768.28(7), Fla. Stat. (1990)[1]”, by neglecting to serve process on the Department of Financial Services.[2]
By the next morning, before court started, Plaintiffs counsel had obtained service and filed the proof of service in the clerk’s office. Plaintiffs counsel proffered it to the court,[3] the court reserved ruling, and *1202 the Trust proceeded with its case. Ultimately, the jury returned a verdict for the Plaintiff, finding the Trust 100% at fault. The court denied the Trust’s motion for new trial and motion for judgment in accordance with the motion for directed verdict and entered judgment for the Plaintiff.
The cases are legion which find that a violation of Florida Rule of Civil Procedure 1.480,[4] “occurs where a party moves for and obtains a directed verdict before the time that the party moved against has completed its case in chief.” Williams v. Salem Free Will Baptist Church, 784 So.2d 1232, 1232-33 (Fla. 1st DCA 2001).[5] In this case, it is not definitively clear that the Plaintiff had completed her case-in-chief when the hospital was allowed to begin arguing its motion for directed verdict. In response to the direct question of whether the Plaintiff had “officially rested,” Plaintiffs counsel responded “No, No.” And, the trial court “reserved” at least one evidentiary issue in Plaintiffs case for determination the following morning. Even if we were to conclude that the Plaintiff had rested her case when the hospital was permitted to argue its motion for directed verdict, the notice requirement at issue had been satisfied by the following morning before a ruling on either the “reserved” evidentiary matter or the hospital’s motion for directed verdict. This satisfied both the requirements of section 768.28(7), and this Court’s prior precedents. See Metro. Dade County v. Lopez, 889 So.2d 146, 148 (Fla. 3d DCA 2004) (observing that “[a]t the time the jury rendered its verdict ... [Plaintiff] still had not complied with section 768.28(7)” and that “[ajfter the jury had returned a verdict, it was too late to turn back the clock”); Metro. Dade County v. Braude, 593 So.2d 563, 564 (Fla. 3d DCA 1992) (concluding that service was not timely when “[t]wenty-three days after the trial had concluded and thirteen days after the entry of judgment, the plaintiff effected service upon the Department of Insurance”); Miami-Dade County v. Meyers, 734 So.2d 507, 508 (Fla. 3d DCA 1999) (confirming that where no process is served on the Department of Insurance, the County is immune from suit); Williams v. Miami-Dade County, 957 *1203 So.2d 52, 52-53 (Fla. 3d DCA 2007) (also observing that failure to comply “with the process service requirements of section 768.28(7) ... is fatal to [an] action”).
*1202 Motion for a Directed Verdict Effect.
(a) A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
*1203 Accordingly, we find no abuse of discretion in the trial court’s ruling and affirm the final judgment entered in the plaintiffs favor.
CORTIÑAS, J., concurs.

. Section 768.28, addressing ”[w]aiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions; indemnification; risk management programs,” provides in relevant part:
(7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Florida Space Authority, upon the Department of Financial Services; and the department or the agency concerned shall have 30 days within which to plead thereto.

. Plaintiff's complaint alleged compliance with all statutory conditions precedent and statutory requirements. The Trust's answer included a general denial. Also, in its affirmative defenses, the Trust alleged that "[t]he Trust has not waived sovereign immunity and the Complaint fails to state a cause of action because Plaintiff has failed to serve process in conformity with Section 768.28(7), Fla. Stat. (1990).” The answer asked the Court to dismiss the complaint but the Trust did not set a hearing or raise the issue until its motion for directed verdict at trial.

.The court granted the Plaintiff's motion to supplement the record with a certified copy of the notice of filing with the returns of service attached.

. Florida Rule of Civil Procedure 1.480 provides:

. See Dodge v. Weiss, 191 So.2d 71, 73 (Fla. 1st DCA 1966) (stating that “[a] motion for a directed verdict cannot, of course, be properly made by the defendant until the plaintiff has completed the presentation of his evidence”); Sapp v. Redding, 178 So.2d 204, 207 (Fla. 1st DCA 1965) (finding that “a defendant ... cannot properly make a motion for a directed verdict before the plaintiff has completed the presentation of his evidence," because the directed verdict rule contemplates that the movant will move for directed verdict at the close of the evidence offered by the adverse party); see also Zerillo v. Snapper Power Equip., 562 So.2d 819, 820 (Fla. 4th DCA 1990) ("[A] party may not obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief, since to do so would constitute a denial of due process of law.”); Carmichael v. Shelley Tractor & Equip. Co., 300 So.2d 298, 299 (Fla. 4th DCA 1974) ("At trial upon the issues made by the pleadings, a party may not move for and obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief. Otherwise, such party would be denied due process of law.”).