SUAREZ, J.,
dissenting.
I respectfully dissent. It is undisputed that the Appellant, the Public Health Trust of Miami-Dade County, is a governmental entity. Therefore, in order to bring an action against the Public Health Trust, the plaintiff was mandated to comply with the provision of section 768.28(7), Florida Statutes (2005),[6] which states that service of process shall be effected, not only upon the governmental agency or entity being sued, but also upon the Department of Financial Services. The language of the statute is mandatory. The burden of proof to establish proper service of process is upon the party seeking to invoke the court’s jurisdiction. Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467 (Fla. 5th DCA 2007). If service is not effected as mandated by the legislature in section 768.28(7), the governmental entity is immune from suit. See Levine v. Dade County Sch. Bd., 442 So.2d 210, 212 (Fla.1983). By failing to strictly comply with the statutory service requirement of serving the Department of Financial Services, the plaintiff has failed to meet her burden of proof. Thus, the trial court had no option, but to grant a directed verdict due to plaintiffs failure to serve and consequent failure to prove her case. The trial court erred by denying the Public Health Trust’s Motion for Directed Verdict.
The Public Health Trust, in its answer to the complaint, denied that all conditions precedent had been met, and, as an affirmative defense, put the plaintiff on notice that she had failed to serve the Department of Financial Services as mandated by section 768.28(7). The case proceeded with discovery. At trial, plaintiff presented her evidence and proof in her case-in-chief, but failed to present proof that the Department of Financial Services had been served. The record shows that plaintiff had not even perfected the required service prior to the Public Health Trust’s Motion for Directed Verdict. In open court, plaintiff stated that she was “going to rest now and start with some procedural matters.” When the court inquired if she had officially rested, the plaintiff stated, “No, no.... We need to introduce a few records and stuff.” The transcript in pertinent part states:
MR. DIEZ-ARGUELLES: Your Hon- or, we are going to rest now and start with some procedural matters that we want to take up with the Court.
[[Image here]]
MR. GRESSMAN: Have they officially rested?
MS. TEJEDOR: No, no.
THE COURT: That was the oddest resting I’ve ever seen.
MS. TEJEDOR: We need to introduce a few records and stuff.
The trial court then released the jury until the next day and told the jury that the attorneys and the court were going to stay *1204 and work on some legal issues. The court and the trial attorneys then had a lengthy discussion regarding stipulations and jury instructions. At the conclusion of the discussion, the following took place wherein the plaintiff rested and the Public Health Trust moved for a directed verdict.
THE COURT: We will reserve on the one issue in the morning, mortality table.

Now, assuming you have rested, any motions anybody wants to make outside of the jury at this time or not?

MR. GRESSMAN: We have a motion for directed verdict, Your Honor.
[[Image here]]
MR. STIEGLITZ: Judge, they have not complied with Florida statute Section 768.
THE COURT: What?
MR. STIEGLITZ: Subsection 7.
THE COURT: I lost you on first seven. You may want to slow down a little bit. MR. GRESSMAN: Florida Statute section 768.28(7) requires service of process upon the Department of Financial Services.
MR. DIEZ-ARGUELLES: I thought I resolved that issue.
MR. STIEGLITZ: No, we haven’t, Judge. There’s separate required service of process upon the Department of Financial Services. They haven’t done it.
(emphasis supplied).
The Public Health Trust moved for directed verdict on grounds of plaintiffs failure to serve the Department of Financial Services as mandated by section 768.28(7). The trial judge then asked whether the plaintiff could show the court that service had been effected on the Department. In response, the plaintiff requested the judge allow her time until the following morning for her to check her file to see if service previously had been made or to bring in cases on the issue. After checking her file overnight and realizing service had not been made, in the morning, plaintiff represented to the court that it was not until that morning that she served the Department of Financial Services.[7] The court reserved ruling on the motion for directed verdict until after jury verdict, although it recognized that “the complaint failed to state a cause of action because plaintiff has failed to process in conformity with 768.28(7), Florida Statutes.”
The majority admits that it was not clear if the plaintiff had completed her case-in-chief when the Public Health Trust moved for directed verdict. However, the record does make it clear that there was no objection, or even an attempt to argue, that the plaintiff had anything further to present, when the trial judge stated, “Now, assuming you [plaintiff] have rested, any motions anybody wants to make ... at this time or not?” Although plaintiff attempts to argue on appeal that she had not rested prior to the time the Public Health Trust raised on directed verdict the issue of service, the record shows otherwise. Nowhere in the record, including plaintiffs Response in Opposition to Motion for Directed Verdict, does the plaintiff argue that she had not rested prior to the motion for directed verdict. This argument was first raised by plaintiff on appeal and, therefore, the argument should be considered waived for appellate purposes.
It is my opinion that, based on the record, the required, strict construction of the *1205 mandatory terms of section 768.28(7), and legal precedent from this Court and others, the trial court was required to grant the directed verdict. The Public Health Trust is a political subdivision and may only be sued by waiver of sovereign immunity pursuant to section 768.28(7). Statutes governing service of process and, in particular, section 768.28(7) must be strictly construed. See Anthony v. Gary J. Rotella & Assocs., 906 So.2d 1205 (Fla. 4th DCA 2005) (holding that statutes that govern service of process are to be strictly construed to insure receipt of notice of the proceedings; the burden to prove the validity of service is on the plaintiff); Levine v. Dade County Sch. Bd., 442 So.2d at 210 (holding that waiver of sovereign immunity statutes must be strictly construed since sovereign immunity is wholly within the legislative domain; where the time for notice has expired, the trial court has no alternative but to dismiss the case). As plaintiff failed to comply with the mandatory terms of the statute, the Public Health Trust was immune from suit and a directed verdict was required. This Court has held, in cases almost identical, that, because the plaintiff failed to serve process pursuant to the statute, the governmental entity was immune from suit and a directed verdict was required. See Williams v. Miami-Dade County, 957 So.2d 52, 52 (Fla. Bd DCA 2007) (affirming the trial court’s order granting directed verdict in favor of Miami-Dade County as plaintiff failed to prove compliance with the process service requirements of section 768.28(7); such failure was “fatal to his action”); Metro. Dade County v. Lopez, 889 So.2d 146 (Fla. 3d DCA 2004) (holding that section 768.28(7), requiring service on the Department of Insurance to be strictly construed as part of sovereign immunity, leaves the trial court no choice but to grant directed verdict in favor of Miami-Dade County where failure to serve process on the Department was asserted as a defense and properly raised in a motion for directed verdict at close of plaintiffs case)[8]; Miami-Dade County v. Meyers, 734 So.2d 507 (Fla. 3d DCA 1999) (reversing and remanding with directions to enter judgment for the County where the plaintiff had failed to comply with mandatory service of process requirement of section 768.28(7), which was raised as an affirmative defense and properly asserted on a motion for directed verdict before the case went to the jury).[9]
I realize that the consequence of mandatory compliance may appear overly harsh. The statute does not have a provision for substantial compliance. It is definite and, as our Court has held, must be strictly complied with. Additionally, I do not see this as a “gotcha.”[10] The Public Health Trust put plaintiff on notice by raising non-service as an affirmative defense. The plaintiff had the opportunity to timely comply, but did not.
For the above, I would reverse with instructions for the trial court to enter judgment for the Public Health Trust. Metro. Dade County v. Lopez, 889 So.2d at 148; Miami-Dade County v. Meyers, 734 So.2d at 508.

. (7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Florida Space Authority, upon the Department of Financial Services; and the department or the agency concerned shall have 30 days within which to plead thereto,
(emphasis supplied).

. The majority implies that the plaintiffs duty to serve the Department of Financial Services was not, in any way, subject to any time restriction or that proof of service did not have to be presented prior to the motion for directed verdict at the close of the plaintiff's case-in-chief. The very cases relied upon by the majority hold otherwise.

.The majority’s reliance on Metropolitan Dade County v. Lopez, 889 So.2d at 148, is misplaced since the reference in the majority opinion is to the dicta in that case. Op. at

. The cases raised by plaintiff do not apply as each case concerns the issue of whether the Department must be served within 120 days.

. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979).