# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1293
Lower Tribunal No. 12-16654
_____

**U.S. Bank, N.A.,**
Appellant,

vs.

**JAK Mortgage, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Brock & Scott, PLLC, and Shaib Y. Rios (Fort Lauderdale), for appellant.

Lawrence A. Caplan, P.A., and Lawrence A. Caplan, (Boynton Beach), for appellee.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

SCALES, J.

U.S. Bank, N.A., appeals the trial court's denial of its rule 1.540(b) motion seeking to vacate a default final judgment quieting title to real property entered in favor of appellee, plaintiff below, JAK Mortgage, LLC. We reverse because, during the pendency of JAK Mortgage's quiet title action, the trial court dismissed U.S. Bank from the case, thereby losing jurisdiction over JAK Mortgage's quiet title claim against U.S. Bank.

**I. Procedural Background**

In 2009, Arrow Properties of South Florida, Inc. ("Arrow") filed a foreclosure action seeking to foreclose Arrow's subordinate lien encumbering residential property in Miami-Dade County. U.S. Bank, which held a superior mortgage encumbering the property, was not named as a defendant in Arrow's foreclosure action.[1] Arrow obtained a final foreclosure judgment on September 21, 2009. At a February 18, 2010 foreclosure sale, JAK Mortgage was the successful third-party bidder. Thus, when the clerk issued JAK Mortgage its certificate of title on February 27, 2010, JAK Mortgage took title to the property, subject, of course, to U.S. Bank's superior mortgage.

Also in 2009, U.S. Bank filed its own foreclosure action seeking to foreclose upon its superior mortgage encumbering the same property.[2] Contemporaneously

---

[1] U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185, 1187 (Fla. 3d DCA 2014) (stating the general rule that a junior lienholder cannot normally name a superior lienholder as a defendant in a suit to foreclose a junior lien).

[2] At the time U.S. Bank filed its foreclosure action, JAK Mortgage had not yet

2

with the filing of its foreclosure action, U.S. Bank also filed a notice of Lis Pendens. U.S. Bank obtained its final foreclosure judgment on February 8, 2013. Paragraphs 3 and 7 of this final judgment expressly foreclosed Arrow's, and all others', subordinate interests in the property. The record reflects that no party appealed, nor otherwise challenged, this February 8, 2013 final judgment. At the February 2015 foreclosure sale, U.S. Bank was the successful bidder.

After acquiring its subordinate interest in the subject property, JAK Mortgage filed the instant quiet title action in 2012. JAK Mortgage's complaint named U.S. Bank as a defendant. JAK Mortgage alleged that U.S. Bank lacked standing to file its 2009 notice of Lis Pendens, and that U.S. Bank "should instead have sought judgment on the Lis Pendens already in place which was filed by . . . Arrow . . . only four months prior" to the filing of U.S. Bank's notice of Lis Pendens. JAK Mortgage also alleged that U.S. Bank's notice of Lis Pendens lacked sufficient specificity regarding the nature of U.S. Bank's lien.

JAK Mortgage sought to serve U.S. Bank with its quiet title action. Because U.S. Bank is a nonresident corporation doing business in Florida, and apparently did not have a registered agent or corporate officer to receive service in the State, JAK Mortgage purported to serve U.S. Bank through the Florida Secretary of State.[3]  Yet, for reasons that are not clear from the record, prior to its obtaining

_____

obtained title to the property; therefore, Arrow, JAK Mortgage's predecessor-in-interest, was named as a defendant in U.S. Bank's foreclosure action.

service on U.S. Bank, JAK Mortgage sought, and the trial court entered, a Final Judgment Quieting Title dated February 8, 2013. This final judgment identifies the fact that defaults previously had been entered against several defendants, and goes on to quiet title in JAK Mortgage's favor against these defaulting defendants. This final judgment, however, does not name U.S. Bank as a defaulting defendant, but rather, dismisses JAK Mortgage's claim against U.S. Bank with stamped wording the trial judge affixed to the final judgment: "The court dismisses this case against any party not listed in this final order or previous order(s). This case is closed as to all parties."[4] The record contains no reference to U.S. Bank in any previous order.

After the trial court dismissed U.S. Bank and entered the final judgment, JAK Mortgage filed a return of service indicating that U.S. Bank had been served on February 22, 2013, by means of substituted service on the Florida Secretary of State.

Armed with this purported post-dismissal substitute service, on April 3, 2013, JAK Mortgage moved to re-open its case against U.S. Bank and, on April 22, 2013, paid a fifty dollar "Reopen case fee." On June 6, 2013, the trial court

---

[3] See section 48.181(1) of the Florida Statutes, which authorizes this type of service.

[4] JAK Mortgage did not appeal the February 8, 2013 final judgment, nor has it ever sought to vacate that portion of this final judgment dismissing the case against U.S. Bank.

entered an order re-opening the case. On June 14, 2013, the trial court entered a default final judgment in JAK Mortgage's favor quieting title as to U.S. Bank.[5] Nothing in this "second" judgment vacates the trial court's dismissal of JAK Mortgage's claim against U.S. Bank contained in the trial court's February 8, 2013 "first" final judgment, nor explains how the trial court reacquired jurisdiction over the dismissed claim. Additionally, nothing on the face of this purported "second" judgment indicates that U.S. Bank was served with this second judgment.

Upon learning of this June 14, 2013 "second" final judgment – some two years after its entry – U .S. Bank filed a motion to vacate same, pursuant to Florida Rule of Civil Procedure 1.540(b)(4) and (5), asserting that it was void. On April 28, 2016, after conducting a hearing on U.S. Bank's motion, the trial court entered an order denying U.S. Bank's motion, and this appeal ensued.[6]

**II. Analysis**

---

[5] While this June 14, 2013 "second" final judgment states that a default was entered against U.S. Bank on June 5, 2013, the record contains no such default. Additionally, the judgment provides no explanation as to how a June 5, 2013 default could have been entered against U.S. Bank one day *prior* to the trial court's June 6, 2013 order re-opening the case.

[6] In addition to the jurisdictional argument that forms the basis of our opinion, in its rule 1.540 motion and in its brief on appeal, U.S. Bank essentially makes two other arguments: (i) the June 14, 2013 judgment is void because U.S. Bank was not properly served and, therefore, U.S. Bank did not receive due process; and (ii) JAK Mortgage's quiet title action was an unlawful effort of a junior lienholder to foreclose a superior lienholder's interest. Because of the jurisdictional issue that arises from the procedural peculiarities of this case, we need not, and do not, reach these issues.

The record reveals that the trial court dismissed the action against U.S. Bank in its February 8, 2013 final judgment with a statement that the case was dismissed against parties – including U.S. Bank – not named in the judgment. The February 8, 2013 dismissal of JAK Mortgage's quiet title claim against U.S. Bank divested the trial court of jurisdiction over U.S. Bank. Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So. 2d 68, 69 (Fla. 1978); Century Elevator Co. v. Spinos, 652 So. 2d 451, 452 (Fla. 4th DCA 1995) (noting that dismissal typically divests the court of jurisdiction even "to entertain a motion to reinstate the proceeding"); Fla. R. Civ. P. 1.420(a)(1), (b).

JAK Mortgage did not respond to the trial court's dismissal of U.S. Bank from the case either by seeking a rehearing, by seeking to vacate the dismissal, or by appealing that portion of the final judgment dismissing JAK Mortgage's claim against U.S. Bank. Instead, several months after the dismissal, JAK Mortgage paid a fifty dollar "Reopen case fee" to the clerk of the lower court and moved to re-open the case. JAK Mortgage provides no authority for the proposition that the trial court's re-opening of a closed case provides the trial court with renewed jurisdiction to enter a default judgment against a party long since dismissed from the lawsuit. See e.g. Brody v. Broward Cty. Sheriff's Office, 137 So. 3d 610, 611 (Fla. 4th DCA 2014) (holding that a trial court cannot re-open a case after "[t]he trial court lost jurisdiction . . . by virtue of the final judgment"); Commerce &

6

Indus. Ins. Co. v. Wellenreiter, 475 So. 2d 1302, 1303 (Fla. 5th DCA 1985) (holding that once jurisdiction is lost, a trial court has no authority to re-open a case).

We need not, and do not, express an opinion as to whether the trial court's dismissal of JAK Mortgage's case against U.S. Bank was with or without prejudice.[7] Because the trial court's dismissal of U.S. Bank was never vacated, the trial court never re-acquired jurisdiction over U.S. Bank and, therefore, the trial court's post-dismissal orders relating to U.S. Bank are a nullity. Herbits v. City of Miami, 197 So. 3d 575, 578 (Fla. 3d DCA 2016).

We reverse the trial court's April 28, 2016 order denying U.S. Bank's rule 1.540 motion, and vacate all post-dismissal orders, judgments and proceedings related to U.S. Bank.

Reversed.

---

[7] Arguably, had the February 8, 2013 dismissal been without prejudice, JAK Mortgage could have taken procedural steps to file an amended complaint against U.S. Bank. See Carnival Corp. v. Sargeant, 690 So. 2d 660 (Fla. 3d DCA 1997). The record indicates, though, that JAK Mortgage did not file an amended complaint against U.S. Bank; it simply moved to reinstate its case against U.S. Bank in order to default U.S. Bank for not answering a complaint that had been dismissed against U.S. Bank weeks earlier.