771 So.2d 32 (2000)
MCR FUNDING and Mortgage Capital Resource Corporation, Appellants,
v.
CMG FUNDING CORP., a Delaware corporation, Donna A. Alexis, Crystal Carter, Donn Gardner, Mark S. Gray, Ann M. Hinton, Harold J. Hoodwin, Marlene L. Jaime, Rosalia E. Johnson, Gary D. Lester, Richard P. Mank, John S. Monroe, Mondany Phem And Kim Stanley, Appellees.
No. 4D99-1139.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
Rehearing Denied December 4, 2000.
*33 June G. Hoffman and Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellants.
Jack J. Aiello and Meenu T. Sasser of Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., West Palm Beach, for appellee CMG Funding Corp.
STEVENSON, J.
Here, the parties entered into a settlement agreement which was neither filed with the trial court nor specifically approved by order of the court. The litigants then filed a joint stipulation for dismissal pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(B) which contained a provision stating that the trial court retained jurisdiction to enforce the settlement agreement. Then, just a little more than a month after the voluntary dismissal, both parties filed motions seeking enforcement of the settlement agreement. The trial court ruled on the motions and entered judgment, including a damages award, in favor of the appellee. Appellant now challenges that judgment attacking not only the merits of the trial court's decision, but also suggestingfor the first time on appealthat the trial court lacked subject matter jurisdiction to rule on the parties' motions seeking enforcement of the settlement agreement. Because the trial court never lost, and could not lose, subject matter jurisdiction of this case, we reject appellant's jurisdictional argument. On the merits, we affirm in part and reverse in part.

The Jurisdictional Issue
The details of the settlement agreement which the parties entered into will be discussed later in this opinion. The joint stipulation for dismissal with prejudice, filed on November 18, 1998, provided that the parties
pursuant to Florida Rule of Civil Procedure 1.420(a)(1)(B), hereby stipulate to dismissal of this action, including the counterclaims filed by Defendants, with prejudice, each party to bear its own attorney's fees and costs, the Court retaining jurisdiction to enforce the terms of the Settlement Agreement entered into by the parties.
Nothing further appears in the record until December 7, 1998, when CMG filed a motion seeking court enforcement of the terms of the settlement agreement. MCR immediately filed a cross-motion for enforcement. Ultimately, a hearing was held on the motions on March 18, 1999. As the result of a combination of events, MCR *34 appeared without counsel and was, thus, unable to participate in the hearing. Nonetheless, the hearing went forward and, at the conclusion, the trial court found that MCR had breached the settlement agreement and entered judgment in favor of CMG. MCR now appeals, raising a number of issues, including an allegation that, following the 1.420(a)(1)(B) voluntary dismissal, the trial court lacked subject matter jurisdiction to rule on the motion to enforce the settlement agreement. It is this issuethe trial court's alleged lack of subject matter jurisdictionthat we first address.

The settlement dilemma
Once parties to a lawsuit have reached settlement, the common resolution is an agreement by the plaintiff to dismiss the pending lawsuit in exchange for other mutual agreements between the parties. Sometimes these other agreements may take some time to complete, and are not contemplated to be completed prior to the plaintiff's dismissal of the lawsuit. If there is a breach of the settlement agreement by any one of the parties, there may yet be a need for judicial involvement in the dispute. If the litigants have presented their settlement to the judge, who in turn incorporated or relied upon that settlement agreement and entered an order of dismissal predicated on the parties' settlement agreement, the litigants may later file a motion in the dismissed case seeking enforcement of the settlement agreement. In this scenario, there is no doubt that the court has the power to rule on the motion since a court has inherent and continuing power to enforce its own orders. For instance, in Broadband Engineering, Inc. v. Quality RF Services, Inc., 450 So.2d 600 (Fla. 4th DCA 1984), this court wrote
The parties to this appeal participated in litigation that produced a three-page, signed document entitled, "Stipulation of Dismissal with Prejudice." The trial court reviewed the stipulation and then entered an order of dismissal which reflected that the court had reviewed the stipulation together with other documents in the court file and that the action was being "dismissed with prejudice based upon the facts so stipulated to between the parties herein."
Shortly thereafter, appellant filed a motion for contempt and temporary restraining order which, in essence, asked the court to enforce specified provisions in the stipulation of dismissal. The court declined on the ground that it lacked jurisdiction. We respectfully disagree.

Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975), is directly on point. It holds that "even without an express reservation thereof, jurisdiction inherently remains in the trial court to make such orders as may be necessary to enforce its judgment." Id. at 629. To adopt appellees' contention that appellant's only recourse is to file a second lawsuit would substantially undermine the policy favoring settlements and, indeed, would make a mockery of the legal process.
450 So.2d at 600-01.
On some occasions, as in the instant case, settlement is reached, and dismissal is later achieved by the parties without an order of court pursuant to Florida Rule of Civil Procedure 1.420.[1]See Travelers Indem. Co. v. Walker, 401 So.2d 1147, 1149 (Fla. 3d DCA 1981). When this is the route taken and the parties have neither presented the settlement agreement *35 to the judge nor obtained an order of dismissal predicated upon the same, a party will not be able to obtain enforcement of the settlement agreement by simply filing a motion in the now-dismissed case if one of the other parties to the agreement objects. By voluntarily dismissing their suit, the litigants have removed their dispute from the judge's consideration. And, under this scenario, the trial court may not rely on its inherent power to enforce its own orders since there is no judgment or order for the court to enforce. In this instance, the parties would ordinarily have to pursue a new breach of contract action to enforce the settlement agreement. See Eye & Ear Sales & Serv. Co. v. Lamela, 636 So.2d 791 (Fla. 4th DCA 1994); Buonopane v. Ricci, 603 So.2d 713 (Fla. 4th DCA 1992).
Here, the parties availed themselves of this latter method of ending the suit, filing a voluntary dismissal while neither presenting their settlement to the judge nor obtaining an order of dismissal. The filing of the voluntary dismissal terminated the trial court's "case" jurisdiction. "Case" jurisdiction is the "power of the court over a particular case that is within its subject matter jurisdiction." See T.D. v. K.D., 747 So.2d 456, 457 n. 2 (Fla. 4th DCA 1999). If MCR had objected below to CMG's filing a motion to enforce settlement, it could have prevented the trial court from exercising any further "jurisdiction" in the dismissed case and could have required CMG to litigate the breach of the settlement agreement in a new lawsuit. See Eye & Ear Sales & Serv. Co.; Buonopane. However, not only did MCR not object to the trial court considering CMG's motion to enforce the settlement agreement, MCR filed its own motion asking the court to enforce the agreement. Thus, having willingly submitted itself, and the dispute, to the court's authority, MCR may not for the first time on appeal challenge the court's power to decide the issue.
MCR attempts to avoid the consequences of the trial court's ruling on the motion to enforce and of its submission to the trial court's authority by characterizing the issue as one of subject matter jurisdiction. Subject matter jurisdiction may not be conferred upon the court by the consent of the parties, and the lack of subject matter jurisdiction may be raised for the first time on appeal. See Walker v. Garrison, 610 So.2d 716, 718 (Fla. 4th DCA 1992); Florida Export Tobacco Co. v. Department of Revenue, 510 So.2d 936, 943 (Fla. 1st DCA), review denied, 519 So.2d 986 (Fla.1987); see also Parker v. Parker, 553 So.2d 309, 311 (Fla. 1st DCA 1989). Subject matter jurisdiction "concerns the power of the trial court to deal with a class of cases to which a particular case belongs." Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994)(citing Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927)).
"[Subject matter] [j]urisdiction," in the strict meaning of the term, as applied to judicial officers and tribunals, means no more than the power lawfully existing to hear and determine a cause. It is the power lawfully conferred to deal with the general subject involved in the action.
Cunningham, 630 So.2d at 181 (quoting Malone v. Meres, 91 Fla. 709, 725, 109 So. 677, 683 (1926)); see also Bell v. Kornblatt, 705 So.2d 113, 114 (Fla. 4th DCA)("Subject matter jurisdiction is the power of a court to adjudicate the type of case before it. Subject matter jurisdiction is conferred on a court by the state constitution and applicable statutes.") (citations omitted), review denied, 717 So.2d 528 (Fla.1998). Clearly, the trial court has the power to hear cases concerning breach of a contract. Thus, it cannot be subject matter jurisdiction that is lacking.[2]
*36 In sum, while there may have been procedural improprieties in the manner in which the parties brought their allegations of breach of the settlement agreement to the trial court, we must conclude that it is not subject matter jurisdiction that is lacking in the trial court following a dismissal pursuant to rule 1.420. Rather, following a stipulated voluntary dismissal, the plaintiff, as the moving party, has simply removed the dispute from the court's consideration. See Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla.1986).[3] Having failed to object to the court further considering the case, and having itself asked the court to decide the dispute over the settlement agreement, MCR cannot be heard to complain that somehow the court lacked jurisdiction.

The merits
CMG Funding Corp. (hereinafter "CMG") was in the residential mortgage lending business and had offices in Boca Raton, Florida. In September of 1998, CMG sued MCR Funding, Mortgage Capital Resource Corp., and a number of individual defendants, including John Monroe, who were all former employees of CMG (hereinafter "MCR"). CMG essentially alleged that Monroe, CMG's former senior vice president, had raided its office and hired away its employees to work at MCR, a competitor. On November 4, 1998, the parties entered into a wide-ranging fifteen-page confidential settlement agreement. Among other things, the settlement agreement provided (1) that CMG would assign its lease and security deposit for its business premises located at 1900 Corporate Boulevard, Suite 410, West Tower, Boca Raton, Florida to MCR; (2) that CMG would assign its leases for the equipment in the office, its right to the telephone and fax numbers, and its right to the office furniture at the Boca office; (3) that MCR would pay CMG $100,000 and, upon payment, the parties would file a joint stipulation for dismissal with prejudice of the lawsuit; (4) that MCR would pay CMG an additional $150,000, plus interest, in monthly installments, commencing on December 1, 1998; and (5) that MCR had the right to review the loans in CMG's pipeline as of November 6, 1998, and to elect to close any of those loans, provided it paid a commission to CMG. MCR paid the $100,000 and, on November 18, 1998, the parties filed a joint stipulation for dismissal with prejudice as contemplated by the settlement agreement.
In the final judgment, the trial court (1) awarded possession of the leased business premises to CMG; (2) ordered MCR to pay $26,000 as sums due on the personal property leases assigned to it by virtue of the settlement; and (3) awarded CMG $150,000, plus interest. MCR raises a variety of attacks to the relief afforded CMG. Having concluded that the judge had the authority to rule on the motions, we now turn to the merits of his decisions.
First, MCR argues that the trial court abused its discretion in failing to grant it a continuance and, therefore, that reversal of the final judgment is warranted. We disagree. As of February 5, 1999, MCR, who had initially been represented by attorneys Robert Smoley and Scott Mager, had only one remaining lawyer, attorney Mager. MCR, however, had been on notice since January 15th that Mager was seeking to withdraw. At a hearing on the motions to enforce the settlement *37 agreement on February 25, 1999, Mager, who had not proceeded to hearing on his pending motion to withdraw, made an ore tenus motion to withdraw. The trial court allowed Mager to withdraw and re-set the hearing for March 15th, which was later postponed to March 18th. At the March 18th hearing, a corporate representative for MCR asked for a continuance to obtain counsel stating that the company "thought" it had counsel until three days prior to the hearing but, in fact, did not have counsel. The record does not disclose what led MCR to think that it had counsel until three days prior to the hearing. Nevertheless, despite the fact that by the corporate representative's own admission MCR had known for three days that it did not have counsel for the March 18th hearing, it waited until the time and day of the hearing to seek a continuance. Under these circumstances, we cannot say the trial judge's decision to deny MCR's motion for continuance was an abuse of discretion. See Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998)("`A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court's decision will not be reversed on appeal.'")(quoting Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991)).
Next, MCR attacks the final judgment's award of possession of the leased premises to CMG, contending that such relief was beyond the scope of the pleadings. The settlement required MCR to assume the lease on the business premises. The evidence at the hearing, however, was that MCR had simply failed to do so. In the face of MCR's failure to keep up its end of the bargain, we find no error in the trial court returning the premises to CMG. Further, we reject MCR's contention that the return of possession of the leased premises to CMG was tantamount to an election of remedies and, thus, operated as a bar to the trial court's award of the $150,000 in damages. Within the context of the parties' multi-faceted settlement agreement, we cannot say that the trial court erred in concluding, by his ruling, that the agreed upon $150,000 monetary payment from MCR to CMG was not the quid pro quo for assumption of CMG's commercial lease by MCR.
Finally, with respect to the $26,000 awarded as amounts due on the personal property leases, we agree with MCR's contention that there is no evidentiary basis to support the award. And, at least with respect to the award of $26,000 in damages, CMG has conceded error. Thus, on this issue alone, we reverse.
AFFIRMED in part, REVERSED in part and REMANDED.
WARNER, C.J., and GUNTHER, J., concur.
NOTES
[1] (a) Voluntary Dismissal.

(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury ..., or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice....
[2] We recognize that the Second District reached a contrary conclusion in 84 Lumber Co. v. Cooper, 656 So.2d 1297 (Fla. 2d DCA 1994), holding that the issue was one of subject matter jurisdiction and could be raised for the first time on appeal. We certify conflict with our sister court on this issue.
[3] In Miller, following a voluntary dismissal with prejudice pursuant to rule 1.420, Miller filed a 1.540(b) motion, asserting that the words "with prejudice" had been a clerical error. The Second District held that, following a voluntary dismissal, the trial court was divested of jurisdiction and could not grant 1.540(b) relief. The supreme court disagreed, holding that "the limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct clerical substantive errors in a voluntary notice of dismissal." 484 So.2d at 1224. If a voluntary dismissal under rule 1.420 deprived the court of subject matter jurisdiction, then relief simply could not have been afforded to Miller.