PER CURIAM.
Michael DeMatteo and Meghan Shea entered into a stipulation in which Shea would dismiss her petition for dating violence injunction in exchange for his agreement to leave Lynn University and Palm Beach County immediately and not return until Shea graduated or permanently left the university. The petition for injunction was dismissed with a voluntary dismissal, with the agreement attached to it by the trial court. Approximately six months after this agreement was reached and the petition for injunction was dismissed, however, DeMatteo petitioned the trial court for clarification and/or modification of this agreement in which he sought approval to return to the university. The trial court, before ruling on the merits of DeMatteo’s motions, sua sponte vacated the dismissal of the petition for injunction and instead replaced it with an order incorporating all of the terms of the same agreement between DeMatteo and Shea — in effect a permanent injunction. First, we find that the trial court had continuing jurisdiction to enforce or modify the agreement between the parties. See MCR Funding v. CMG Funding Corp., 771 So.2d 32 (Fla. 4th DCA 2000). However, we also find that the trial court did not have the authority to convert a dismissal of an injunction into what amounted to a permanent injunction under the auspices of correcting a scrivener’s error pursuant to Florida Rule of Civil Procedure 1.540(a).
Accordingly, the trial court’s nunc pro tunc “Order Correcting Scriveners [sic] Error and Acceptance of Stipulation” is hereby vacated. Because the order we are vacating also vacated the prior order of dismissal, the original order of dismissal with the attached agreement between the parties is reinstated. The trial court has continuing jurisdiction over this matter, and both parties are free to bring an action to enforce or modify the parties’ agreement. Should Shea desire to obtain a permanent injunction against DeMatteo, however, she will have to follow the required procedure, which includes an evi-dentiary hearing.

Reversed and remanded.

GROSS, C.J., HAZOURI and CIKLIN JJ., concur.