DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HEATH M. TRERICE,** individually and in his derivative capacity, on behalf of **MILJOCO CORPORATION,** a Florida corporation,
Appellant,

v.

**HOWARD O. TRERICE,** an individual, and **MILJOCO CORPORATION,** a Florida corporation,
Appellees.

No. 4D17-2726

[June 27, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 06-2016-CA-007823.

John A. Tucker and Emily F. O'Leary of Foley & Lardner, LLP, Jacksonville, for appellant.

Vijay G. Brijbasi of Dickinson Wright PLLC, Fort Lauderdale, and Daniel D. Quick of Dickinson Wright PLLC, Troy, Michigan, for appellee Howard O. Trerice.

CONNER, J.

Heath Trerice ("Appellant"), individually and in his derivative capacity on behalf of Miljoco Corporation ("Miljoco"), appeals the final judgment against him and in favor of Appellees, Howard Trerice ("Howard") and Miljoco.

Appellant raises five issues on appeal, some of which have sub-issues. We affirm the trial court's order determining it did not have personal jurisdiction over Howard and dismissing the case for forum *non conveniens* without discussion. We reverse the trial court's order regarding Appellant's motion for status quo. In light of our affirmance on the first two issues and our reversal on the third issue, we do not address the remaining issues.

*Background*

Miljoco is a Florida corporation created in 1981 by the parties' father and his wife, Brenda. Miljoco has its registered agent in Broward County, but its sole place of business has always been in Michigan.

The parties' father ran the business until his death in 2009. Before the father's death, he and Brenda owned 77.5% of the stock, Appellant owned 5%, and Howard owned 17.25%. Howard owned a larger percentage of the stock than Appellant because he worked with the father in the corporation. In July 2009, shortly after the father passed away, the family entered into the Trerice Family Resolution Agreement ("TFR") that provided the plan for Miljoco after the father's death to maximize the benefits of his estate plan. The TFR created a trust and provided for an adjustment in the stock ownership in Miljoco. Howard purchased some of the shares owned by the father and Brenda, increasing his ownership interest to 51%, Appellant retained 5% ownership, and the remaining 44% of the stock was be placed into a trust for the care of Brenda. The TFR is governed by Michigan law.

In addition to the TFR, as part of the estate plan, the parties entered into separate employment agreements with Miljoco. The employment agreements detail the parties' compensation and roles within Miljoco, and are also governed by Michigan law.

Brenda passed away in 2013, resulting in Appellant acquiring the 44% of Miljoco stock from her care trust, bringing his total ownership to 49%.

In March 2016, Appellant filed suit in Broward County, Florida, individually and in his derivative capacity on behalf of Miljoco, accusing Howard of overly compensating himself and his wife. An amended complaint alleged four counts: (1) breach of statutory fiduciary duty in violation of Section 607.0830(1), Florida Statutes; (2) breach of common law fiduciary duty; (3) corporate waste; and (4) unlawful suppression of dividends. The counts did not differentiate between direct and derivative claims.

Howard filed a motion to dismiss the amended complaint arguing: (1) lack of personal jurisdiction over him; (2) forum *non conveniens*; (3) failure to satisfy the statutory pre-suit demand requirement in Section 607.07401(2), Florida Statutes; and (4) Appellant could not properly seek both direct and derivative relief.

Appellant filed a motion for entry of status quo order. The motion essentially sought injunctive relief to prevent Howard from: (1) distributing to himself or his wife company profits disguised as a bonus or other

supplemental compensation; (2) using company funds to pay his legal fees; and (3) terminating (or adversely changing) his employment position with the company.

Howard filed a response to the status quo motion arguing that it did not establish any of the factors necessary to grant a temporary injunction. He contended the status quo motion was actually attempting to depart from the status quo by placing a cap on his compensation. Moreover, Howard argued that limiting his compensation via an injunction would be an adjudication on the merits.

The trial court held a hearing on the motion to dismiss the amended complaint and the status quo motion. The trial court decided to address the motion to dismiss first because, if granted, then no ruling would be necessary on the status quo motion. After concluding the hearing on the motion to dismiss and taking the motion under advisement, the trial court proceeded to consider the status quo motion and took that motion under advisement was well. No evidence or witnesses were presented at the hearing on either motion. The factual findings were based on the verified pleadings and numerous affidavits from both parties. No new arguments were presented. The parties made the same arguments as in their various responses and memorandums. The trial court requested that both parties submit proposed orders on both motions.

Howard submitted two proposed orders. It is unclear from the record on appeal whether Appellant submitted proposed orders. One of Howard's proposed orders granted the motion to dismiss on three grounds: (1) lack of personal jurisdiction; (2) forum *non conveniens*; and (3) failure to satisfy the pre-suit demand requirement. The accompanying cover letter expressly noted that if the motion to dismiss was granted, "then entry of an order on the Motion for Entry of Status Quo Order is unnecessary."

Howard's proposed order granting the motion to dismiss also addressed the status quo motion in a summary fashion: "Plaintiff's pending motion is hereby DENIED AS MOOT." The separate proposed Order Denying Status Quo Motion treated the motion like a request for injunctive relief, addressed the merits, and denied relief. Both proposed orders had findings of fact to support the legal conclusions.

The trial court entered both of Howard's proposed orders, verbatim. Appellant moved for rehearing, arguing that: (1) the trial court should not have addressed additional matters after determining it did not have personal jurisdiction; (2) the separate order denying the status quo motion made findings of fact and law as to the merits of the case, unrelated to

3

jurisdiction; and (3) the trial court should not have concluded that Appellant failed to make a presuit demand. After the trial court denied the motion for rehearing, Appellant gave notice of appeal.

*Appellate Analysis*

Because resolution of the issue we address involves matters of law and not fact, our review is *de novo*. *Rippy v. Shepard*, 80 So. 3d 305, 306 (Fla. 2012).

Appellant argues that the trial court should not have entered the second order denying the status quo motion because the trial court relinquished jurisdiction to the Michigan court.

The cover letter accompanying the proposed orders reveals that Howard intended that entry of the separate order addressing the status quo motion would be inappropriate if the order dismissing the case was entered. The proposed order granting dismissal expressly stated that the status quo motion ("Plaintiff's pending motion") was deemed moot since the case was dismissed.

Appellant is correct that entering an order addressing the merits of the status quo motion was error. We are affirming without discussion the trial court's decision to dismiss the case for lack of personal jurisdiction and forum *non conveniens*. By dismissing the case on those grounds, the trial court determined it was without jurisdiction. "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Griffith v. Fla. Parole and Prob. Comm'n*, 485 So. 2d 818, 821 (Fla. 1986) (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

The loss of "jurisdiction" we are discussing has been previously referred to by us as "case jurisdiction," that is "the 'power of the court over a particular case that is within its subject matter jurisdiction.'" *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000) (quoting *T.D. v. K.D.*, 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999)). As we noted in *T.D.*, when a final judgment or a final order dismissing a case is entered, the court loses its "jurisdiction" over that particular case. *T.D.*, 747 So. 2d at 457 n.2. The concept of "the power of the court over a particular case" is rooted in the notion that given the *procedural posture of the case*, the court is without authority to act. *See 14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, LTD*, 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J., concurring); *T.D.*, 747 So. 2d at 457 n.2. Other courts have referred to the concept as "continuing jurisdiction" and "procedural

4

jurisdiction." *See, e.g. Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 801 n.3 (Fla. 2003); *U.S. Bank Nat'l. Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016); *14302 Marina San Pablo Place*, 92 So. 3d at 321 (Ray, J., concurring). As explained in *Anthony-Irish*: "Flaws in a court's procedural jurisdiction arise in a number of contexts." 204 So. 3d at 60. *Anthony-Irish* gives the examples of a trial court entering an order prior to the filing of proper pleadings, granting relief beyond the scope of the pleadings, and entering additional orders after a voluntary dismissal or a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders. *Id.* We conclude that ruling on the propriety of a pending motion for temporary injunction (the status quo motion) is an additional example of a trial court exceeding its "case," "continuing," or "procedural" jurisdiction, once it determines it must dismiss the entire proceeding. It is particularly inconsistent for a trial court to say it is not going to exercise judicial power because it does not have personal jurisdiction over one of the parties and to then exercise judicial power by making factual determinations to justify denying injunctive relief over that same party.

Having concluded the trial court erred in entering the separate order denying the status quo motion, we reverse and remand the case for the trial court to vacate that order.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***