DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANAMARIE M. SCHROEDER** a/k/a **ANAMARIA M. SCHROEDER** a/k/a
**ANAMARIE SCHROEDER** a/k/a **ANAMARIA SCHROEDER**
a/k/a **ANA SCHROEDER,**
Appellant,

v.

**MTGLQ INVESTORS, L.P.,**
Appellee.

No. 4D18-3177

[February 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. 06-2016-CA-003170.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellant.

Christophal C.K. Hellewell, Chase A. Berger and Tara L. Rosenfeld of Ghidotti | Berger LLP, Miami, for appellee.

***ON MOTION FOR REHEARING***

CONNER, J.

We grant the motion for rehearing by both parties, withdraw our opinion dated September 18, 2019, and issue the following in its place:

Anamarie Schroeder ("Appellant") appeals the trial court's final judgment of foreclosure entered in favor of MTGLQ Investors, L.P. ("the lender"). Because the appellate record brought forth by Appellant does not establish that the required documentary stamp and intangible taxes were not paid on a portion of the loan enforced by the judgment, we affirm the final judgment entered by the trial court.

*Background*

The lender was substituted as the party plaintiff in the underlying mortgage foreclosure suit against Appellant. In the operable amended complaint, the lender alleged that the parties had modified the loan documents. Attached to the amended complaint was a copy of the loan modification agreement, in addition to the adjustable rate note and mortgage. The loan modification agreement stated that it amended and supplemented the mortgage and note. It provided that the original principal balance was increased, stating a "New Principal Balance" that was $20,535.94 more than the original balance and describing the new principal balance as "consisting of the amount(s) loaned to the Borrower by Lender, which may include, but are not limited to, any past due principal payments, interest, fees and/or costs capitalized to date." The loan modification agreement provided for a "Deferred Principal Balance," which was a specific amount of the "New Principal Balance" which did not accrue interest and for which monthly payments were not required, leaving an "Interest Bearing Principal Balance." The "Interest Bearing Principal Balance" accrued interest at a fixed percentage and was payable in a minimum monthly amount. Finally, the loan modification agreement provided that if the full balance due under the note was not fully paid before the stated "Maturity Date," Appellant would pay the full balance due on the note on the "Maturity Date."

The loan modification document in the appellate record, which was entered into evidence below, does not contain documentation that the documentary stamp taxes or intangible tax on the increased principal balance under the loan modification were paid. However, Appellant failed to raise any issue below regarding the nonpayment of those taxes.

After a nonjury trial, the trial court entered a final judgment of foreclosure in favor of the lender. Appellant gave notice of appeal.

*Appellate Analysis*

"In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." *Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979). "The burden is on the appellant to demonstrate reversible error and present an adequate record for review." *JP Morgan Chase Bank v. Combee,* 883 So. 2d 330, 331 (Fla. 1st DCA 2004); *see also Applegate,* 377 So. 2d at 1152 ("The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.").

2

Appellant contends that the final judgment should be reversed because the lender's failure to pay the requisite taxes rendered the note and mortgage unenforceable, making the instruments unenforceable when the final judgment was entered. In support of this argument, Appellant relies on sections 201.08(1)(b) and 199.282(4), Florida Statutes (2018) (respectively, imposing a documentary stamp tax and an intangible tax). §§ 201.08(1)(b), 199.282(4), Fla. Stat. (2018). Appellant further contends the Third, Fourth, and Fifth Districts have "uniformly" recognized that these statutory sections do not constitute affirmative defenses and that a defendant is not required to plead such.

The lender argues that because the issue of unpaid taxes was not raised in the trial court, it cannot be raised for the first time on appeal.

The problem with Appellant's position on appeal is that the appellate record does not establish the evidentiary fact that the required taxes were not paid prior to the entry of the final judgment or prior to the appeal being filed. The lender's brief contains statements that could be interpreted as acknowledging the taxes were not paid prior to entry of the final judgment. However, "under Florida law, absent a stipulation, statements of counsel not made under oath are not evidence." *Parkerson v. Nanton*, 876 So. 2d 1228, 1230 (Fla. 1st DCA 2004). We decline to interpret the lender's statements as a stipulation of fact that required taxes were not paid on the modification agreement until after the final judgment was entered. Importantly, it is not the function of an appellate court to determine the facts of a case. *Featured Props., LLC v. BLKY, LLC*, 65 So. 3d 135, 137 (Fla. 1st DCA 2011). Moreover, even if we deemed the statement admitting nonpayment of the taxes as a concession of error, we are not bound by the concession. *Nacius v. One W. Bank, FSB*, 211 So. 3d 152, 153 (Fla. 4th DCA 2017). As observed by the First District in *Bailey v. State*, 173 So. 2d 708 (Fla. 1st DCA 1965):

> While the appellant in his brief makes certain statements of fact which might, had they been properly alleged in a pleading and established in the record, have raised a justiciable issue, such facts are not so alleged or proved. Hence, since a brief is in no legal sense a pleading, it would be highly improper for us to consider such an issue based solely upon statements and arguments contained in the brief.

*Id.* at 708.

Section 201.08(1)(b) provides that "[t]he mortgage . . . *shall not be enforceable in any court of this state* as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid."  § 201.08(1)(b), Fla. Stat. (emphasis added).  Section 199.282(4), provides that

> [n]o mortgage . . . *shall be enforceable in any Florida court*, nor shall any written evidence of such mortgage . . . be recorded in any public record of the state, until the nonrecurring tax imposed by this chapter, including any taxes due on future advances, has been paid and the clerk of circuit court collecting the tax has noted its payment on the instrument or given other receipt for it.

§ 199.282(4), Fla. Stat. (emphasis added).

As a matter of separation of powers, it is up to the judiciary to determine under what circumstances an appellate court will reverse the judgment of the trial court.  *Cf. Citizens for Strong Sch., Inc. v. Fla. State Bd. of Educ.*, 232 So. 3d 1163, 1170 (Fla. 1st DCA 2017) ("[T]he Florida Constitution imposes a 'strict' separation of powers requirement that applies just as vigorously to the judicial branch as it does to the other two branches of government.").  Appellant argues that the statutory prohibition on enforcement of mortgages *in any court* when required documentary stamp taxes and intangible taxes have not been paid mandates reversal of the judgment below.  The argument fails for two reasons: first, because the issue was not preserved for appellate review, and the error is not fundamental; second, and more importantly, the appellate record does not support the claim.

"[T]o be preserved for appeal, 'the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.'"  *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) (alteration in original) (quoting *Chamberlain v, State*, 881 So. 2d 1087, 1100 (Fla. 2004)).  "Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court."  *Id.*

Appellant concedes in the initial brief that the issue of nonpayment of taxes was not raised prior to the initial brief, but contends the error is fundamental under the case law, permitting her to raise the issue for the first time on appeal.  We disagree.  Fundamental error does permit an appellant to raise an issue for the first time on appeal.  Fundamental error in civil cases is an error which "goes to the foundation of the case or goes

4

to the merits of the cause of action." *Yau v. IWDWarriors, Corp.*, 144 So. 3d 557, 560 (Fla. 1st DCA 2014) (quoting *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970)). The language prohibiting enforcement of mortgages due to nonpayment of taxes does not constitute a bar to suit. If the legislature imposed the payment of all taxes as a condition precedent for filing suit, nonpayment of taxes would constitute fundamental error because the presuit condition would go to the merits of the cause of action. If the legislature had intended such a consequence, it would have said so. Second, similar to the situation we addressed in *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32 (Fla. 4th DCA 2000), any fundamental error was waived by Appellant having willingly submitted herself to the trial court's authority to decide the dispute. *See id.* at 35.

To the extent Appellant travels on the "in any court language" to argue that an appellate court is required to reverse a trial court judgment enforcing a note and mortgage when it is asserted in a brief that the required documentary stamp taxes and intangible taxes have not been paid prior to the appeal, we disagree. The appellate record does not demonstrate the required taxes were paid and it does not demonstrate that they were not paid. In other words, the appellate record is silent as to that specific factual issue. Weighing in favor of the lender is the presumption that the trial court properly enforced the note and mortgage. With regards to an appellate court, similar to a trial court, we construe the enforcement prohibition "in any court" to refer to situations in which nonpayment of required taxes is properly brought before the subject court's attention with a proper evidentiary showing. If the appellate record properly demonstrated that the documentary stamp taxes and intangible taxes due on the modification agreement were not paid prior to this appeal being filed, Appellant could have raised the issue as a matter of case jurisdiction.[1] In other words, the statutory prohibition applies when the threshold fact is proven. In this case, the appellate record does not demonstrate the threshold fact is proven.

Because in appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error, and because the trial court should be affirmed when

---

[1] "'Case' jurisdiction is the 'power of the court over a particular case that is within its subject matter jurisdiction.'" *MCR Funding*, 771 So. 2d at 35 (quoting *T.D. v. K.D.*, 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999)). "The concept of 'the power of the court over a particular case' is rooted in the notion that given the *procedural posture of the case*, the court is without authority to act." *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018) (emphasis in original).

5

the record brought forward by an appellant is inadequate to demonstrate reversible error, we affirm the final judgment entered by the trial court.

*Affirmed.*

CIKLIN, J., concurs.
WARNER, J., concurring specially with opinion.

WARNER, J., concurring specially.

I concur in the conclusion of the majority that the issue of unpaid taxes on the loan modification was not preserved for review, nor is it fundamental error. Therefore, the final judgment is not reversible on that ground. My difference with the majority is that I understand sections 201.08(1)(b) and 199.133(1), Florida Statutes (2018), cited by the majority, would prevent *this court* from reviewing this case until the taxes have been paid. The appellee, having submitted proof that the documentary stamp and intangible taxes were paid, albeit after the final judgment entered in the trial court, we can proceed to determine the merits of the appeal.

When this court becomes aware that the necessary taxes have not been paid on a note, both sections 199.282(4) and 201.08(1)(b), Florida Statutes (2018), compel this court to act no further until the tax is paid. "*[N]o* mortgage . . . shall be enforceable in *any* Florida court, . . . until the nonrecurring tax imposed by this chapter, including any taxes due on future advances, has been paid . . . ." § 199.282(4), Fla. Stat. (emphasis added). It appears that the legislature intends that courts assist in the collection of the proper taxes on such transactions through withholding the enforcement power of the courts where the taxes are not paid.

This is a matter of our jurisdiction to enforce the mortgage. "Jurisdiction is power to declare the law[.]" *Griffith v. Fla. Parole & Prob. Comm'n*, 485 So. 2d 818, 821 (Fla. 1986) (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)). While subject matter jurisdiction "concerns the power of the trial court to deal with a class of cases to which a particular case belongs," *Cunningham v. Standard Guaranty Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) (citing *Lovett v. Lovett*, 93 Fla. 611, 112 So. 768 (1927)), "'case' jurisdiction is the 'power of the court over a particular case that is within its subject matter jurisdiction.'" *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000) (citation omitted). "The concept of 'the power of the court over a particular case' is rooted in the notion that given the *procedural posture of the case*, the court is without authority to act." *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018) (citations omitted). This appeal involves case jurisdiction, because

6

it deals with the power of the court over this particular case where taxes may be unpaid.

A court has the authority to decide its own jurisdiction. *See Dep't of Bus. Regulation v. Provende, Inc.*, 399 So. 2d 1038, 1041 (Fla. 3d DCA 1981). Where that is necessary, the court must determine the facts necessary to support its jurisdiction.

> A Court having jurisdiction to decide as to its own jurisdiction in any particular case, it follows that its decision will have the same effect and conclusiveness as would its decision on any other matter within its jurisdiction; *and where the jurisdiction of a court depends on a fact which it is required to ascertain, its judgment determining that such fact does or does not exist is conclusive on the question of jurisdiction*, until set aside or reversed by direct proceedings.

*State ex rel. B. F. Goodrich Co. v. Trammell*, 192 So. 175, 177 (Fla. 1939) (emphasis added).

I acknowledge that generally an appellate court will not consider evidence not presented to the trial court, as the function of the appellate court is to determine whether the trial court erred on the issues and evidence presented to it. *See Hillsborough Cty. Bd. of Cty. Comm'rs v. Public Emps. Relations Comm'n*, 424 So. 2d 132, 134 (Fla. 1st DCA 1982). However, this does not apply in this circumstance. In deciding our own jurisdiction, we are not determining whether the trial court erred. Once we determine that the taxes have been paid, we then acquire jurisdiction to consider the issues upon which the appellant seeks reversal.

Generally, when nonpayment of taxes is raised, this court should require the party seeking to enforce the note to provide evidence that the tax has been paid. This may be accomplished by the filing of the recorded document showing that the taxes have been paid, as set forth by the Clerk of Court. The appellee provided to this court a copy of the recorded loan modification showing that the taxes were paid (after the final judgment was entered). I am satisfied that we have case jurisdiction.

That the taxes were not paid on the loan modification at the time of the final judgment and the trial court did not have "case jurisdiction" is not fatal in this case for the reasons set forth in the majority opinion. Lack of case jurisdiction may make the judgment voidable, but it does not make it void. *See Ricci v. Ventures Tr. 2013-I-H-R by MCM Capital Partners*, LLC, 276 So. 3d 5 (Fla. 4th DCA 2019). The appellant did not object to the

nonpayment of taxes and acceded to the court's exercise of jurisdiction. Thus, they cannot now complain that the court did not have jurisdiction to enter the final judgment. *See MCR Funding v. CMG Funding Corp.,* 771 So. 2d at 35.[2]

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[2]    The only entity interested in the payment of taxes is the State. If the lender pays them, they will be added to the amounts owed by the borrower. Therefore, neither the lender nor the borrower has an incentive to bring to the attention of the court the nonpayment. I believe this is why the legislature provided that the court could not enforce the note without payment.