# Supreme Court of Florida

_____

No. SC2023-0915
_____

**JJJTB, INC.,**
Petitioner,

vs.

**STEPHEN V. SCHMIDT, et al.,**
Respondents.

July 17, 2025

LABARGA, J.

This case is before the Court for review of the decision of the

Second District Court of Appeal in *Schmidt v. JJJTB, Inc.*, 357 So.

3d 208 (Fla. 2d DCA 2023).  In *Schmidt*, the Second District held

that the trial court's lack of case jurisdiction required the reversal of

a foreclosure judgment entered against the mortgagor.[1]  In reaching

its decision, the district court rejected the mortgagee's argument

that the mortgagor waived case jurisdiction, and it certified conflict

_____

1.  Case jurisdiction is also referred to as continuing
jurisdiction or procedural jurisdiction.

on the issue of waiver with the Fourth District Court of Appeal's decision in *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32 (Fla. 4th DCA 2000). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

To resolve the conflict, we must address whether case jurisdiction is waivable. In *Schmidt*, the Second District answered no; the Fourth District in *MCR Funding* answered yes. For the reasons expressed below, we hold that case jurisdiction is waivable, and that a party seeking to raise the issue must timely object to the trial court's lack of case jurisdiction, or waive the objection. In light of this holding, we quash the Second District's decision in *Schmidt* and approve the Fourth District's decision in *MCR Funding*.

FACTS AND PROCEDURAL POSTURE

In April 2011, JJJTB initiated a foreclosure action in Hillsborough County against Stephen Schmidt and Schmidt Farms, Inc. (collectively, "Schmidt"). *Schmidt*, 357 So. 3d at 210. In 2015, the Thirteenth Judicial Circuit entered a final order denying a judgment of foreclosure. *Id.* JJJTB appealed, and the final order was per curiam affirmed by the Second District. *JJJTB, Inc. v. Schmidt*, 197 So. 3d 50 (Fla. 2d DCA 2016).

More than two years after the affirmance, JJJTB sought and was granted leave to amend its foreclosure complaint, adding a cause of action based on new and separate defaults.[2] *Schmidt*, 357 So. 3d at 210. Schmidt moved to dismiss the amended complaint but did not argue that the trial court lacked case jurisdiction. *Id.* The trial court denied the motion to dismiss, after which Schmidt filed an answer including eighteen affirmative defenses and a counterclaim seeking affirmative relief. However, Schmidt's answer also failed to argue a lack of case jurisdiction. In February 2021, following a three-day bench trial, the court entered a final judgment of foreclosure against Schmidt. Schmidt unsuccessfully moved for rehearing, asserting that the trial court had lacked subject matter jurisdiction. *Id.*

Schmidt appealed the foreclosure judgment to the Second District, arguing that the trial court lacked "subject matter jurisdiction or other legal authority to proceed on JJJTB's amended complaint." *Id.* at 211. The Second District agreed and reversed the foreclosure judgment. The district court held that the trial

---

2. JJJTB also alleged a cause of action on the promissory note, which the trial court dismissed. *Id.*

- 3 -

court lacked case jurisdiction over the foreclosure action—this is despite the fact that in the two years of trial court litigation, neither party raised the issue of case jurisdiction. *Id.* at 210, 213. Nonetheless, the Second District concluded that, as is the case with objections to subject matter jurisdiction, objections to case jurisdiction cannot be waived. *Id.* at 213 ("Due to the lack of case jurisdiction, however, the trial court was powerless to proceed.").

The district court certified conflict with the Fourth District's decision in *MCR Funding,* and this Court granted JJJTB's petition for discretionary review.

## ANALYSIS

As a threshold matter, case jurisdiction and subject matter jurisdiction are not interchangeable terms. While a party cannot waive a challenge to subject matter jurisdiction, the Second District erred by rejecting JJJTB's argument that Schmidt waived its objection to case jurisdiction when it "participat[ed] below and fail[ed] to timely raise the issue in the trial court." *Schmidt*, 357 So. 3d at 212.

Subject matter jurisdiction is uniquely unwaivable because it concerns a court's constitutional or statutory authority to hear a

- 4 -

certain type of case, and the parties cannot confer such authority on a court. *MCR Funding*, 771 So. 2d at 35; *see Polk County v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997); *see also Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994). As such, "[t]he defense of lack of jurisdiction of the subject matter may be raised at any time." *See* Fla. R. Civ. P. 1.140(h)(2). For this reason, appellate courts correct defects in the trial court's subject matter jurisdiction sua sponte. *E.g.*, *Johnson v. State*, 218 So. 3d 957, 960 (Fla. 5th DCA 2017).

Case jurisdiction, however, refers to a trial court's jurisdiction to act in a case over which it has subject matter jurisdiction. *Allen v. Helms*, 293 So. 3d 572, 577-78 (Fla. 1st DCA 2020); *MCR Funding*, 771 So. 2d at 35; *U.S. Bank Nat. Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016). Unlike subject matter jurisdiction, a trial court's case jurisdiction may fluctuate depending on the case's procedural posture. For example, when a court enters a final order in an action, it loses its case jurisdiction but maintains its subject matter jurisdiction over the action. *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018); *T.D. v. K.D.*, 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999). In such cases,

the parties must timely notify the trial court that it lacks case jurisdiction or the objection is waived. *See* Fla. R. Civ. P. 1.140(h)(1) ("A party waives all defenses and objections that the party does not present either by motion . . . or . . . in a responsive pleading except as provided in subdivision (h)(2).").

Here, the trial court lost its case jurisdiction over the foreclosure action when it entered the final judgment denying foreclosure in 2015, but it always maintained its subject matter jurisdiction over the action pursuant to section 26.012(2)(g), Florida Statutes.[3] When JJJTB sought leave to amend its complaint, Schmidt was on notice that the court lacked case jurisdiction to hear the amended complaint due to its previous entry of a final judgment in the matter.

However, Schmidt did not raise the issue and instead sought affirmative relief, assuring the trial court that "[t]his Court has jurisdiction pursuant to Fla. Stat. § 26.012(2)(g)." Schmidt petitioned the court to remove the cloud from the title and to

---

3. "Circuit courts shall have exclusive original jurisdiction . . . [i]n all actions involving the title and boundaries of real property."

declare the mortgages attaching to the property unenforceable. Schmidt never raised the issue of case jurisdiction in the trial court. "[H]aving willingly submitted itself, and the dispute, to the court's authority, [a party] may not for the first time on appeal challenge the court's power to decide the issue." *MCR Funding*, 771 So. 2d at 35. Because case jurisdiction was not an issue in this case until Schmidt appealed the adverse final judgment to the Second District, Schmidt waived its objection to the trial court's lack of case jurisdiction.

Thus, the Second District improperly relieved Schmidt from an adverse final judgment due to a lack of case jurisdiction that was never brought to the trial court's attention. By reversing the foreclosure judgment after the case was litigated to its conclusion on the merits, the Second District rewarded Schmidt's untimely challenge to case jurisdiction and essentially gave the adversely affected party a veto power over the trial court's adverse final judgment.

The unintended consequence of the district court's decision is that it could encourage attorneys to strategically conceal errors of case jurisdiction when seeking affirmative relief and secure the

- 7 -

reversal of adverse final judgments by untimely objecting to the trial court's lack of case jurisdiction for the first time on appeal. This scenario illustrates why it is incumbent on the parties to timely notify the trial court of defects in case jurisdiction, or else the objection is waived.

## CONCLUSION

Schmidt's failure to timely object to the trial court's lack of case jurisdiction resulted in a waiver of the issue. Thus, the Second District erred in rejecting JJJTB's waiver argument and reversing the judgment of foreclosure. For these reasons, we quash the Second District's decision in *Schmidt* and approve the Fourth District's decision in *MCR Funding* to the extent that it is consistent with this opinion.

It is so ordered.

MUÑIZ, C.J., and CANADY, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
COURIEL, J., concurs with an opinion, in which CANADY, GROSSHANS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

COURIEL, J., concurring.

I concur with today's decision because I agree that objections to a trial court's procedural authority to act—what in Florida we have called its case jurisdiction—are waived if they are not timely made. I write to explain why some jurisdictional arguments can be waived and others cannot.

Jurisdiction refers to "[a] court's power to decide a case or issue a decree." *Jurisdiction, Black's Law Dictionary* (12th ed. 2024); *see also Malone v. Meres*, 109 So. 677, 683 (Fla. 1926) (" 'Jurisdiction,' in the strict meaning of the term, as applied to judicial officers and tribunals, means no more than the power lawfully existing to hear and determine a cause."). We have said that "[e]very judgment must contain three jurisdictional elements: namely, jurisdiction of the subject matter; jurisdiction of the person; and the power or authority to render the judgment." *Arcadia Citrus Growers Ass'n v. Hollingsworth*, 185 So. 431, 433 (Fla. 1938). That third kind of jurisdiction—the waiver of which is at issue here—we have referred to as "procedural," "case," or "continuing" jurisdiction, and we have meant by it not the power of the court to deal with a class of cases to which a particular case

- 9 -

belongs (that is, subject matter jurisdiction), but rather, the power of the court to act on a case given its procedural posture. *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 801 n.3 (Fla. 2003); Judge Scott Stephens, *Florida's Third Species of Jurisdiction*, Fla. B.J., Mar. 2008, at 11, 12, 14.

As the majority explains, subject matter jurisdiction concerns a court's judicial authority to hear a case. Because subject matter jurisdiction concerns the scope of judicial power, it isn't a matter for the parties to waive, although they may contest whether the court, in any case, has it. Without subject matter jurisdiction, a court's "proceedings are absolutely void in the strictest sense of the term." *Roberts v. Seaboard Sur. Co.*, 29 So. 2d 743, 748 (Fla. 1947) (citation omitted). So a court looks after it at every step of its work, and "[t]he defense of lack of jurisdiction of the subject matter may be raised at any time." *See* Fla. R. Civ. P. 1.140(h)(2).

"Personal jurisdiction refers to whether the actions of an individual or business entity as set forth in the applicable statutes permit the court to exercise jurisdiction in a lawsuit brought against the individual or business entity in this state." *Borden v. E.-Eur. Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006). It exists where a

- 10 -

"defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Because the requirement of personal jurisdiction "protect[s] a defendant's liberty interests," its absence, when raised as a defense, is a matter of "personal right." *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) (quoting *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 22 (1st Cir. 1991)). Like other similar rights, its enjoyment "may be obviated by consent or otherwise waived [and a] defendant may manifest consent to a court's *in personam* jurisdiction in any number of ways, from failure seasonably to interpose a jurisdictional defense, to express acquiescence in the prosecution of a cause in a given forum, to submission implied from conduct." *Id.* (quoting *Interpole*, 940 F.2d at 22); *see also* Fla. R. Civ. P. 1.140(b), (h).

Case jurisdiction, by contrast, refers to a trial court's power to act in a case given its procedural posture. As far back as 1926, this Court implicitly recognized a difference between subject matter jurisdiction and this type of procedural jurisdiction. *See Malone*, 109 So. at 685 ("Jurisdiction of the subject-matter does not mean

- 11 -

jurisdiction of the particular case but of the class of cases to which the particular case belongs, and does not depend upon the sufficiency of the pleadings nor the rightfulness of the decision." (citations omitted)). The *Arcadia* Court framed this procedural jurisdictional element as "the power or authority to render the judgment." 185 So. at 433. So, for example, a court may not enter an order on a case in which no pleading has been filed, in a case that has been voluntarily dismissed, as to an issue that is under review by an appellate court of competent jurisdiction—or, as the majority says, after entry of a final judgment. Stephens, *supra*, at 14 (collecting cases).

This kind of jurisdiction does not depend on a court's constitutional or statutory authority to act—which the parties' actions do not control—but on the litigation choices of the parties and their effect on where a case stands procedurally. This Court has repeatedly recognized that procedural defects do not deprive a court of subject matter jurisdiction. *See, e.g., Malone,* 109 So. at 686 ("If the court has jurisdiction over the subject-matter of equitable rights, interests, and remedies, its jurisdiction does not depend upon its deciding correctly as to the existence of such

- 12 -

rights, or as to the granting of such remedies. The jurisdiction itself exists independently of the particular case over which it is exercised . . . ."); *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) ("[D]eficiencies in the pleading invoking the jurisdiction of the trial court did not deprive the court of jurisdiction." (quoting *Fla. Power & Light Co. v. Canal Auth.*, 423 So. 2d 421, 425 (Fla. 5th DCA 1982))). But such procedural defects can deprive the court of the ability to act on a case. In this sense, case jurisdiction is within the power of the parties to control, and therefore waive, in a way that differs from subject matter jurisdiction.

Most of the time we hold parties to their choices about such things. *See* Fla. R. Civ. P. 1.140(h)(1) ("A party waives all defenses and objections that the party does not present either by motion . . . or . . . in a responsive pleading except as provided in subdivision (h)(2)."). Here, in two years of litigation after entry of a final judgment that deprived the court of case jurisdiction, neither party raised the issue. That sure looks like waiver to me, so I concur.

CANADY, GROSSHANS, and SASSO, JJ., concur.

Application for Review of the Decision of the District Court of Appeal Certified Direct Conflict of Decisions/Direct Conflict of Decisions

Second District - Case Nos. 2D21-1213 & 2D21-2752

(Hillsborough County)

Nicholas R. Consalvo of Boyd & Jenerette, P.A., Boca Raton, Florida, and Sophia Bernard of Taylor Nelson, P.L., Winter Haven, Florida; and Daniel E. Nordby of Shutts & Bowen LLP, Tallahassee, Florida,

for Petitioner

Jesse L. Ray of Jesse Lee Ray Attorney at Law, P.A., Tampa, Florida; and Edward William Collins of The Law Office of William Collins, P.A., Tampa, Florida,
for Respondent